Turley, J.
delivered the opinion of the court.
The question presented for the consideration of the court, in this case, arises out of a conflict of title to a negro girl slave, Betsy, between James Trwin and John B. Boggs, partners in trade, under the style of Irwin & Boggs, Allen T. Scruggs, George M. Savage, and R. D. Ray, partners in trade, under the style of Scruggs, Savage & Co. and Tate and Arnette, all of the county of Lauderdale, state of Alabama, and Joseph Campbell, of the county of Williamson, state of Tennessee.
The facts of the case are as follows: One Hugh N. Graham, a resident citizen of the county of Lauderdale, state of Alabama, being indebted to Tate & Arnette by note due at three months, in the sum of $575 06. for goods purchased from them, did, on the 17th day of April, 1837, execute a deed to George N. Arnette, for the negro girl Betsy, in trust, to secure the payment thereof, by which he was authorized and empowered, upon defalcation of payment, and from instructions from Tate and Arnette to take possession of said negro girl, and, on giving-ten days’ notice of the time and place, to expose the same to public sale for cash, to be appropriated to the payment of said debt of $575 06. This deed of trust was duly proved according to the forms required by the laws of Alabama, before the *481 Clerk of the County Court of Lauderdale, on the 20th day of April, 1887.
On the 15th day of June, 1837, the said Hugh N. Graham made and executed another deed for the same negro to Charles Gooldn, in trust, to secure the payment of $1509 76, due the 1st of January ensuing, to Irwin & Boggs, and of $225, due 2nd day of January preceding, to Scruggs, Savage & Co. by which said Charles Gookin, as trustee, was authorized and empowered, on the 1st day of January ensuing the dale of the deed of trust, if said debts or any part thereof- should remain unpaid, to take possession of said negro, and, upon giving ten days’ notice of time and place, expose the same to public sale, for cash, to be appropriated to the payment of said debts. This deed of trust was informally proved before the Clerk of the County Court of Lauderdale, on the 7th day of July, 1837, and duly recorded on the 10th of July, 1837.
Between the 17th and 21st day of July, 1837, as appears from the testimony of Robert Pickett and Johnson Trousdale, George N. Arnette, the trustee in the deed executed on the 17th day of April, 1837, to secure the debt due to Tate & Ar-nette, by the instructions of Tate & Arnette, and in pursuance of the powers vested in him by the deed, took into his possession the negro girl Betsy, and placed 'her for safe keeping with Johnson Trousdale until the Monday following, at which time Graham was to go to Florence and pay the debt due to Tate & Arnette; but instead of doing this, he did, on the Sunday evening previous, clandestinely take said negro from the possession of Trousdale, and run her to the state of Tennessee, where he sold her to one Joseph Campbell on the 27th day of July, 1837.
The question now is, who is entitled to this negro? Joseph Campbell, under his purchase from Graham in Tennessee, on 27th July, 1837, or Tate & Arnette under the deed of trust executed on the 17th day of April, 1837, or Irwin & Boggs and Scruggs, Savage & Co. under the deed of trust executed on the 15th day of June, 1837?
Joseph Campbell claims to be protected as an innocent purchaser of the legal title from Graham, without notice of the *482 trusts created by the deeds of the 17th of April and the 15th of June, 1837.
This claim cannot be allowed for two reasons.
1st. He is not an innocent purchaser: the circumstances under which the purchase was made were of a character to have put him upon enquiry as to Graham’s title; and his own conduct in relation thereto afterwards, shows that he did not buy in consequence of any confidence as to the title arising out of the actual possession of the negro by Graham. Graham was to him a stranger; he came suddenly to the town of Franklin, where Campbell resided, from whence no one knew, and departed as suddenly for some point equally unknown. It is a man’s own fault, if he will buy from such a person, and under such circumstances: and if it turns out that his vendor has acquired the possession of the property surreptitiously, and has no title thereto, he must abide the consequences. But in addition thereto, when persons who were in pursuit of Graham from Alabama arrived in Franklin, Campbell concealed the negro from them, and denied having purchased her from Graham; two facts totally inconsistent with his claim to protection as a ionafide purchaser without notice.
2nd. But if he were an innocent purchaser, having full confidence in Graham’s title, and there were nothing which should have put him upon his guard and have caused him to make proper enquiry as to he right, still he could not protect himself as purchaser without notice. Graham was a citizen of the state of Alabama; the negro was there; he had by virtue of the deeds of trust of the 17th of April and the' 15th of June, 1837, divested himself of all legal title thereto; he had delivered the possession to the trustee in pursuance of the deed of the 17th of April; he had falsely and fraudently, if not feloniously, regained that possession, and privately and clandestinely run the negro into Tennessee, between the 21st and 26th of July, when she was sold to Campbell. To hold that any title was acquired by this sale, would be to hold that every purchase of a stolen negro from a thief would vest a title in the purchaser unless he knew of the theft. The maxim of caveat emptor applies with full force to this part of the case.
*483 We are therefore of the opinion, that the defendant Campbell acquired no right as against the complainants by his purchase.
Tate & Arnette, as we have seen, claim title to the negro in dispute by the deed of trust executed on 17 th April, 1837, which was duly proved on the 20th and recorded on the 21st April, 1837, in the county of Lauderdale, state of Alabama, .and an actual possession under it taken by the trustee between the 19th and 21st of July, 1837.
This constituted a good legal title in the trustee, subject to the trust created for the benefit of Tate and Arnette, which is entitled to the protection of this court, unless the same is assailable upon an objection taken thereto by those claiming under the deed of trust of the 15th of June, 1837. It is contended for them, that Graham, on the 17th day of April, 1837, the date of the first deed of trust, had no legal title to the negro, but acquired it subsequently, by a bill of sale from H. P. Crittenden, bearing date the 26th of May, 1837; that having no title, none was conveyed by the deed of trust, and that there being no warranty of title in the deed, the subsequently acquired title cannot by estoppel inure to the vendees under the deed. This objection is not sustainable for two reasons.
1st. Though it be true that there is a bill of sale from Critten-den to Graham, purporting to bear date on the 26th May, 1837, and to convey the title to him, yet it does not establish the fact that his title had no existence till that period. On the contrary, there is much in the record to induce the belief, and we do believe, that he was in the possession of the negro, claiming her as his own, at a period anterior, not only to the bill of sale, but to the deed of trust of the 17th of April, 1837.
2nd. The principle contended for is not applicable to sales of personal property. In the sale of real estate, .if .there be no warranty of title, the vendee only acquires such as the vendor had at the time of the sale, and any subsequently acquired does not inure to his benefit. But it is otherwise, if there be a warranty, for inasmuch as the warrantor was anciently, upon warrantia charts, bound to recoup in lands of equal value, and in modern times in money upon a covenant of warranty, a subsequently acquired title shall inure by estoppel, to avoid *484 circuity of action. In a sale of personal property there is always an implied warranty of title, unless it be purchased under such circumstances as clearly show that the vendee intended to risk the title; as if the vendor be not in the possession, but the same be adversely in another. In the present instance, there is nothing to prevent the implication of a warranty of title on the part of the defendant Graham, to the negro conveyed by the deed of the 17th of April, 1837; and by legal analogy, any title which might have been acquired by him from Crittenden under the bill of sale of the 26th of May, 1837, would immediately inure to the benefit of those holding under the deed of trust.
We therefore think, that George 1L Arnette, the trustee in the deed of trust of the 17th of April, 1830, is vested with the legal title to the negro in dispute, subject to the trust in favor of Tate & Arnette, and as such entitled to the protection of this court.
With this view of the case, it is not important to enquire very minutely into the validity of the right of those claiming under the second deed of trust, executed to Charles Gookin as trustee on the 15th day of June. It has been attacked upon the ground that it was not admitted to registration in the county of Lau-derdale, state of Alabama, so as to make it effectual against creditors and subsequent purchasers for want of a legal probate. This is probably so; but inasmuch as we hold that it could not prevail against the deed of the 17th of April, 1837, though it had been proved and registered with all the formalities required by the statute laws of Alabama, we do not deem it necessary or proper to determine the question authoritatively.
The execution of the deed of trust to Gookin is proved in this case by the subscribing witnesses, and is good as against defendant Campbell without registration, because (as we have held) he is not an innocent purchaser; and if he were, he is not such subsequent purchaser as was intended to be protected by the statutes of probate and registration of Alabama. Those statutes are designed to protect creditors and subsequent purchasers in the state of Alabama, and not in the state of Tennessee. The deed of trust was good as against the parties without *485 registration in Alabama: the negro was not removed to the state of Tennessee by the consent of Gookin the trustee, or any of the cestuis que trust, but by the deceitful and fraudulent misconduct of Graham, and immediately sold to Campbell; and therefore the want of registration of the deed of trust in Tennessee can avail him nothing. Galt vs. Dibrell, 10 Yer. R. 146.
The consequence of this is, th'at Gookin as trustee is entitled in preference to Campbell to any surplus, if any, of the proceeds of the sale of said negro, which may remain after satisfying the demands of Tate & Arnette, secured by the deed of the 17th óf April, to be by him appropriated in satisfaction of theklemands secured by that of the 15th of June.